UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eugene Church, | ) | C/A No. 5:13-cv-2998-TMC-KDW |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Report and Recommendation |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff brings this action pro se alleging claims pursuant the Federal Tort Claims Act ("FTCA"). ECF No. 1. This matter is before the court on the Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or, in the alternative Motion for Summary Judgment filed by Defendant on March 13, 2013. ECF No. 22. As Plaintiff is proceeding pro se, the court advised him in a *Roseboro*[1] order regarding the importance of dispositive motions and the need for him to file an adequate response. ECF No. 23. Plaintiff filed an opposition to Defendant's Motion on April 17, 2014. ECF No. 25. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Accordingly, the undersigned enters this Report and Recommendation for the court's review.

I.     Background

Plaintiff Eugene Church is a federal prisoner in the Federal Corrections Institution in Estill, South Carolina ("FCI-Estill") where the facts giving rise to Plaintiff's Complaint occurred. In his Complaint, Plaintiff alleges that on July 7, 2011, "he slipped on the wet floor while

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

rounding a corner, landing on the left elbow and left knee. Immediately swelling was noted, but no abrasions or bruising." *Id.* at 2.

As a result of the fall, Plaintiff alleges that he was unable to bear any weight on his left leg and experienced excruciating pain and tingling down the back of his left leg and under his foot. *Id.* Further, Plaintiff maintains that he did not receive any medical attention for his injury for over six months. *Id.* Plaintiff contends that "[a]fter being denied medical attention for over six months, a[n] MRI Scan showed what appeared to be a tear of the medial meniscue." *Id.* (capitalization omitted). Plaintiff claims that the delay in medical attention caused him to suffer for additional time and worsened the degree and severity to his injuries. *Id.*

Plaintiff alleges that government officials negligently breached the duty of care owed to him. *Id.* Plaintiff maintains he suffered "an abundan[t] amount of pain, a fracture to the meniscus of his left knee" as a direct and proximate result of Defendant's negligence. *Id.* at 3. Additionally, Plaintiff contends that multiple bruises appeared and he experienced sprains throughout his body after the fall. *Id.* Plaintiff alleges he continues to suffer pain and physical disability and distress from his injury. *Id.* Further, Plaintiff alleges that he was forced to undergo a painful surgical operation, and government officials denied him any sort of rehabilitative procedures. *Id.*

As a result, Plaintiff seeks $13 million because he has "incurred and will incur obligations and expenses therefrom the neglected rehabilitations. . . ." *Id.* Plaintiff represents that on December 12, 2012, he filed a claim for administrative settlement with the Department of Justice for $13 million. *Id.* However, Plaintiff represents that on June 19, 2013, his claim was finally denied by the United States Department of Justice. *Id.*

II.     Standard of Review

2

"A motion to dismiss pursuant to Rule 12(b)(1) may attack the complaint on its face or attack the existence of subject matter jurisdiction." *Richland-Lexington Airport Dist. v. Atlas Properties, Inc.*, 854 F. Supp. 400, 407 (D.S.C. 1994). When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the complaint fails to state facts upon which jurisdiction can be founded, the plaintiff has the burden of proving jurisdiction. *Richmond, Fredericksburg & Potomac R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991). The court may freely consider the evidence to satisfy itself that jurisdiction is proper because a court may not extend its jurisdiction where none exists without converting the 12(b)(1) motion into a summary judgment motion. *Richland-Lexington*, 854 F. Supp. at 407.

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary

judgment motion. *Anderson*, 477 U.S. at 251. Likewise, bald assertions, unsupported allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 364-65 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).

Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

III.    Analysis

Defendant argues that Plaintiff's Complaint fails to mention that when he sustained his fall, he was performing work for his prison job. ECF No. 22 at 3. Defendant argues that this critical fact nullifies subject matter jurisdiction because for this type of claim, the Inmate Accident Compensation Act ("IACA") as opposed to an FTCA claim, is the exclusive remedy against the United States for federal inmates' claims of work-related injuries. *Id.*

In his Response,[2] Plaintiff argues he brought his cause of action under the FTCA, "complied with the rules under this provision and filed a Form 95 with the Director of Torts." ECF No. 25 at 3. Plaintiff represents that his "claim was subsequently, and seems under policy,

---

[2] In his Response, Plaintiff first argues that Defendant attempts to defame him and influence the court by referencing the reason for Plaintiff's incarceration. ECF No. 25 at 2. Plaintiff then references a separate and unrelated action where Defense counsel and others allegedly committed substantial acts of fraud. *Id.* Plaintiff's argument and assertion are irrelevant to whether this court has subject matter jurisdiction and will not be considered when deciding the merits of this Motion.

denied and Plaintiff was entitled to bring the action against Defendant by and through a civil suit." *Id.*

As provided by 28 C.F.R. § 301.101, "Pursuant to the authority granted at 18 U.S.C. 4126, the procedures set forth in this part govern the payment of accident compensation, necessitated as the result of work-related injuries, to federal prison inmates or their dependents." Pursuant to 28 C.F.R. § 301.319:

> Inmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort Claims Act (28 U.S.C. 2671 *et seq.*). Recovery under the Inmate Accident Compensation procedure was declared by the U.S. Supreme Court to be the exclusive remedy in the case of work-related injury. *U.S. v. Demko*, 385 U.S. 149 (1966).

In *Demko*, the Supreme Court found the ICAC was sufficiently comprehensive to be the exclusive remedy for compensation to federal prisoners. *See* 385 U.S. at 153. There, the Court reasoned: "Historically, workmen's compensation statutes were the offspring of a desire to give injured workers a quicker and more certain recovery than can be obtained from tort suits based on negligence and subject to common-law defenses to such suits. Thus compensation laws are practically always thought of as substitutes for, not supplements to, common-law tort actions." *Id.* at 383-84.

Here, Plaintiff omitted from his Complaint the fact that he slipped and fell while working his job in prison.[3] However, in his Response, Plaintiff concedes that his injury occurred during

___

[3] Plaintiff maintains that he "was not sentenced to work in the Bureau of Prisons" but he was sentenced to a term of imprisonment and the BOP "seems to confuse a term of imprisonment with an obligation for the inmate to be subject to indentured servitude." ECF No. 25 at 4. Plaintiff indicates that he does not want to work for the BOP but is forced to work a job "or be subject to substantial harm and repercussions including being placed in the Special Housing Unit." *Id.* Furthermore, Plaintiff alleges that the BOP's work policy for inmates is against the law and is not part of his sentence. *Id.* Finally, on this issue, Plaintiff argues that "it is by Defendant's own forced actions upon [] Plaintiff that Plaintiff suffered injury." *Id.* Whether the BOP work

the course and scope of his prison job and maintains: "[I]t is by the Defendant's own forced actions upon the Plaintiff that Plaintiff suffered injury." ECF No. 25 at 4. Furthermore, Defendant produced an Injury Report that indicates Plaintiff was working in "Pots and Pans" while on his "Camp F/S" Duty Assignment when his injury occurred. ECF No. 22-4. Specifically, Plaintiff was "bringing dirty pans from the serving line back to [his] work area when he lost his footing due to water [and] grease on flooring." *Id.* Based on the evidence in the record as well as Plaintiff's concession, the undersigned finds that Plaintiff was working when the injury giving rise to the causes of action in his Complaint occurred.

Plaintiff's causes of action against Defendant concern the medical treatment, or denial of medical treatment, after he sustained his injury. Several courts have found that negligence in medical treatment of a work-related injury is barred under the FTCA. *Griggs v. U.S. Dep't of Justice Fed. Bureau of Prisons*, No. 0:13-608-MGL-PJG, 2013 WL 1857274 (D.S.C. Mar. 27, 2013) *report and recommendation adopted*, No. 0:13-608-MGL, 2013 WL 1857273 (D.S.C. May 2, 2013) (finding the court lacks jurisdiction to adjudicate Plaintiff's FTCA medical malpractice claims because they were subject to the provisions of the IACA, not the FTCA); *Cook v. United States*, No. 0:11-320-RMG-PJG, 2012 WL 5385638, *3 (D.S.C. Sept. 28, 2012) *report and recommendation adopted*, 0:11-320-RMG, 2012 WL 5383395 (D.S.C. Nov. 1, 2012) *aff'd*, 530 F. App'x 217 (4th Cir. 2013) *cert. denied*, 134 S. Ct. 1292 (U.S. 2014) ("The Inmate Accident Compensation Act is also the exclusive remedy for negligent treatment of federal prisoners' work-related injuries."); *see also Vander v. U.S. Dep't of Justice,* 268 F.3d 661 (9th Cir. 2001) (finding inmate barred from "suing for the separate negligence of prison officials in supplying medical care for the injury"); *Wooten v. United States,* 825 F.2d 1039, 1044 (6th Cir.

program is lawful is not the subject of Defendant's Motion or Plaintiff's Complaint. Therefore, it is irrelevant to this court's consideration of subject matter jurisdiction.

1987) ("Section 4126 is also the exclusive remedy when a work-related injury is subsequently aggravated by negligence and malpractice on the part of prison officials or when the injury stems from a negligent job assignment.") (citations omitted).

The undersigned notes that the IACA includes medical negligence as a compensable injury, and provides: "Compensation may only be paid for work-related injuries or claims alleging improper medical treatment of a work-related injury. This ordinarily includes only those injuries suffered during the performance of an inmate's regular work assignment." 28 C.F.R. § 301.301(b). Moreover, Plaintiff has already been compensated under ICAC and received 75% of his lost work time. ECF No. 22-5 at 1. Therefore, the undersigned finds Plaintiff must look to ICAC as the exclusive remedy for the alleged negligent medical treatment for his work-related injury rather than the FTCA.

Accordingly, the undersigned recommends dismissing Plaintiff's cause of action concerning denial of medical treatment after he suffered his work-related injury for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure.

IV.    Conclusion

For the reasons discussed above, the undersigned recommends that Defendant's Motion to Dismiss, or alternatively Motion for Summary Judgment, ECF No. 22, be granted as to Plaintiff's FTCA claim for negligence in failing to provide Plaintiff with medical assistance.


IT IS SO RECOMMENDED.

September 12, 2014                          Kaymani D. West
Florence, South Carolina                   United States Magistrate Judge


**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**