IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Eugene Church, ) | |
| ) | Civil Action No. 5:13-cv-02998-TMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| The United States of America, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to the Federal Tort Claims Act ("FTCA"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court to grant the Government's Motion to Dismiss, or alternatively Motion for Summary Judgment, (ECF No. 22) because the court lacks subject matter jurisdiction over FTCA claim. (ECF No. 28). Plaintiff filed timely objections. (ECF No. 30).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

Although Plaintiff filed objections to the Report, his objections are irrelevant as to whether he was working for the prison at the time of his alleged injury.[1]  *See* (ECF No. 30).  The issue in this case is whether Plaintiff is barred from filing suit under the FTCA because it is covered by the exclusive remedy provided for in the Inmate Accident Compensation Act ("IACA").

The IACA provides the exclusive remedy for inmates to recover for work-related inmate injuries.  *United States v. Demko*, 385 U.S. 149, 153 (1966); *see also* 28 C.F.R. § 301.319 ("Inmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort Claims Act.").  Plaintiff did not object to—nor could he have—the magistrate judge's holding that his injuries arose during the course of work at the prison.  Accordingly, the court finds Plaintiff's objections without merit.

In sum, the court finds that the Report's analysis is thorough and accurate and, therefore, adopts the Report and incorporates it herein in its entirety.  The court therefore **GRANTS** the Government's Motion to Dismiss (ECF No. 22) for lack of subject matter jurisdiction.  Therefore, the court **ORDERS** that the complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

/s/ Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 31, 2014

**NOTICE OF RIGHT TO APPEAL**

---

[1] Most of his objections concern the alleged falsification of documents and perjury committed by the Government and the United States Attorney's Office.  (ECF No. 30).  His other objections are related to whether the Government committed negligence.  (ECF No. 30).  Neither are relevant to whether he can assert his claim for a work-related injury in federal court.

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.